**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

IMAGININGS 3, INC.
d/b/a FLIX CANDY

      Plaintiff,

      v.

TAT LEE CONFECTIONERY AND
NOVELTY COMPANY LTD.

      Defendant.

CIVIL ACTION NO. _____

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Imaginings 3, Inc. d/b/a Flix Candy files this Complaint for patent infringement against Tat Lee Confectionery And Novelty Company Ltd., relating to U.S. Patent No. 8,524,300, and alleges as follows:

**PARTIES**

1.      Plaintiff Imaginings 3, Inc. d/b/a Flix Candy ("Flix Candy") is a corporation organized under the laws of the State of Illinois with its principal place of business at 6401 Gross Point Road, Niles, Illinois 60714, and is engaged in, among other things, the design, manufacture, marketing, advertising, promotion, offering for sale, and sale of innovative candy products.

2.      Defendant Tat Lee Confectionery and Novelty Co., Ltd. ("Tat Lee" or "Defendant") is, upon information and belief, a corporation organized and existing under the laws of Hong Kong, Special Administrative Region of the People's Republic of China, with its principal place of business located at Block B, 5/F, Yee Lim Industrial Building, 6-8 Kin Chuen Street, Kwai Chung, New Territories, Hong Kong, People's Republic of China. Tat Lee is a foreign entity engaged in the manufacture and export of confectionery and novelty products, which it sells and

ships to buyers located in the United States and elsewhere.

## **JURISDICTION AND VENUE**

3.     This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285. The Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a defendant not resident in the United States may be sued in any judicial district of the United States.

5.     This Court has personal jurisdiction over Defendant Tat Lee pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

6.     The Illinois long-arm statute confers personal jurisdiction over any person or entity that, in person or through an agent: (a) transacts any business within Illinois, 735 ILCS 5/2-209(a)(1); or (b) commits a tortious act within Illinois, 735 ILCS 5/2-209(a)(2). The Illinois long-arm statute extends to the maximum limits permitted by the Illinois and United States Constitutions. 735 ILCS 5/2-209(c). Tat Lee's contacts with Illinois, as alleged herein, satisfy both the statutory and constitutional requirements for the exercise of personal jurisdiction in this district.

7.     Tat Lee has transacted business within Illinois within the meaning of 735 ILCS 5/2-209(a)(1) by purposefully directing commercial shipments of its goods to Illinois-domiciled customers. Upon information and belief, in 2015, Tat Lee shipped and delivered at least one commercial shipment of goods to Walgreens Co., a corporation headquartered in Deerfield, Illinois, as evidenced by records of the United States Customs and Border Protection reflected in

2

publicly available bill-of-lading import data. Upon information and belief, that transaction was the product of a negotiated commercial agreement between Tat Lee and an Illinois-based entity and constitutes the transaction of business in Illinois.

8.     Tat Lee also placed its products into the stream of commerce through established commercial distribution channels with the knowledge and reasonable expectation that those products would be imported into and made available for purchase throughout the United States, including in the State of Illinois. Tat Lee's demonstrated history of directing at least one product shipment to an Illinois-based commercial entity confirms that Tat Lee was fully aware that its products would reach Illinois through the ordinary course of commerce. The introduction of products into the stream of commerce with awareness that they will reach the forum state satisfies the purposeful availment requirement under the Illinois long-arm statute and the Due Process Clause of the Fourteenth Amendment.

9.     Tat Lee has purposefully availed itself of the privilege of conducting business within Illinois and within the broader United States market. Tat Lee negotiated and performed commercial contracts for the shipment of goods to Illinois-based buyers, derived revenue from those transactions, and through such activities obtained the benefits and protections of Illinois law. Tat Lee could reasonably anticipate being haled into court in Illinois as a result of its deliberate commercial activity directed at Illinois.

10.     Tat Lee's commercial conduct giving rise to personal jurisdiction—the manufacture and targeted export of confectionery and novelty products to United States buyers, including Illinois-based entities—is the same course of commercial conduct through which Tat Lee designed, manufactured, and offered for sale the product that infringes U.S. Patent No. 8,524,300 (the "'300 Patent"). Upon information and belief, Tat Lee's infringing product, if not

3

enjoined, would compete directly with Flix Candy's patented PopUps! Lollipop® product in the Illinois market and in markets throughout the United States.

11. The exercise of personal jurisdiction over Tat Lee in this district is reasonable and does not offend traditional notions of fair play and substantial justice. Tat Lee is a sophisticated commercial actor engaged in the regular export of goods to United States buyers and has demonstrated familiarity with the United States commercial and legal environment through repeated import transactions. The State of Illinois has a substantial interest in adjudicating claims arising from the commercial activities of foreign entities that have been previously directed at Illinois-domiciled businesses and from the infringement of patent rights that cause competitive harm within this State. Flix Candy has a substantial interest in obtaining complete relief for infringement of its intellectual property in the forum in which it conducts business. The burden imposed on Tat Lee by litigation in this district is not disproportionate to these interests and does not render the exercise of jurisdiction unreasonable.

12. In the alternative, and without waiving the foregoing, this Court has personal jurisdiction over Tat Lee pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Plaintiff pleads this basis for jurisdiction in the alternative to the state-specific jurisdiction alleged in paragraphs 3 through 11 above.

13. The claims asserted in this Complaint arise under the patent laws of the United States, 35 U.S.C. § 100 et seq., and this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). The federal-law requirement of Rule 4(k)(2) is therefore satisfied.

14. Upon information and belief, Tat Lee is a foreign entity organized and existing under the laws of the People's Republic of China, with its principal place of business in Hong

Kong. Tat Lee has no state of incorporation in the United States, no registered agent for service of process in any state, no principal place of business in any state, and no systematic and continuous presence in any single state of the United States of a character sufficient to support general personal jurisdiction in that state. Upon information and belief, Tat Lee is not subject to personal jurisdiction in the courts of general jurisdiction of any single state of the United States. The requirement of Rule 4(k)(2) that the defendant not be subject to jurisdiction in any state's courts of general jurisdiction is therefore satisfied.

15. Upon information and belief, Tat Lee has extensive aggregate contacts with the United States as a whole that are sufficient to satisfy the requirements of due process under the Fifth Amendment to the United States Constitution. Those contacts include, without limitation, the following:

A. Tat Lee shipped a commercial shipment of goods to Walgreens Co., a company headquartered in Deerfield, Illinois, in 2015, as reflected in United States Customs and Border Protection import records and publicly available bill-of-lading data;

B. Tat Lee shipped commercial shipments of goods to Radz Candy, now doing business as Excell Marketing, a company based in Iowa, as reflected in United States Customs and Border Protection import records and publicly available bill-of-lading data;

C. Tat Lee shipped commercial shipments of goods to A&A Global Industries, Inc., a company based in Maryland, as reflected in United States Customs and Border Protection import records and publicly available bill-of-lading data;

D. Tat Lee shipped commercial shipments of goods to Galerie USA, LLC ("Galerie"), a company based in Kentucky, as reflected in United States Customs and Border Protection import records and publicly available bill-of-lading data; and

E.  Tat Lee designed and manufactured a confectionery product substantially similar to Flix Candy's patented PopUps! Lollipop® product and offered that product for sale to Galerie for commercial importation, distribution, and sale within the United States, including in markets in which Flix Candy sells its patented products.

16.  Through the foregoing commercial transactions, Tat Lee has purposefully availed itself of the privilege of conducting business within the United States on a sustained and repeated basis, has deliberately directed its products and commercial activities toward United States-based buyers and the United States market, and has derived substantial commercial revenue and benefit from its continuing access to the United States marketplace.

17.  The patent infringement claims asserted in this Complaint arise out of and relate to Tat Lee's foregoing contacts with the United States. Tat Lee's infringing conduct—the manufacture and offer for sale of products that infringe the '300 Patent to United States-based commercial buyers, including Galerie, for importation and sale in the United States—is part of and is directly related to the same pattern of commercial activity through which Tat Lee has established its contacts with the United States, as described above.

18.  The exercise of personal jurisdiction over Tat Lee in this Court pursuant to Rule 4(k)(2) is consistent with the Constitution and laws of the United States and does not offend the due process requirements of the Fifth Amendment. Tat Lee is a commercially sophisticated enterprise with substantial, documented experience in the importation and sale of goods into the United States market. The United States has a compelling sovereign interest in providing a forum for the adjudication of claims of infringement of United States patents, particularly where the alleged infringement involves the importation and commercial distribution of infringing products within the United States. Flix Candy has a strong interest in obtaining complete relief for

infringement of its rights under United States patent law in a United States federal court. The burden on Tat Lee of appearing and litigating in the United States is not disproportionate to these substantial interests, particularly in light of Tat Lee's established and continuing commercial relationships with United States-based entities and its repeated use of United States commercial channels.

## BACKGROUND

### A. Imaginings 3 d/b/a Flix Candy

19. Flix Candy is a privately held, Illinois corporation with a history of innovation in the toy and novelty confectionery industries spanning more than five decades.

20. Flix Candy was founded in 1969 by Sid Diamond. What was then known as Diamond Toy Company grew into a thriving, multi-generational family business that supplied Walgreens, Sears and Roebuck, and other major national retailers with innovative novelty products.

21. In the late 1970s, Imaginings 3 signed its first licensing contract with the Walt Disney Company. That partnership has continued without interruption to the present day, making Imaginings 3 one of the longest-standing licensing partners with Disney in the world. Today, Imaginings 3 (now doing business as Flix Candy) maintains an active portfolio of more than 35 licensing contracts with major studios and brand owners, including Marvel, Lucasfilm, Viacom (Paramount), Universal Studios, Warner Brothers, Sony, DreamWorks, Moonbug, Minecraft, Peanuts, the Smurfs, Sanrio, and Pink Fong, among others.

22. By the 1980s, the company had established itself as a pioneer in the toy industry, partnering with iconic entertainment and consumer brands including Pac-Man, Cabbage Patch Kids, and Disney.

23. Flix Candy originally emerged as a division of Imaginings 3 dedicated to the

design, development, manufacture, and distribution of novelty candy products. Flix Candy has introduced to the market a number of beloved confectionery brands, including Lip Pops®, Gummy Bands®, and Lollipop Rings®. Today, Flix Candy is recognized throughout the confectionery industry as one of the most innovative novelty candy companies in the United States.

24.     The company's products are regularly featured in leading industry publications, including *Candy & Snack Today* and *Grocery Insights*. Debbie Diamond, the current CEO of Flix Candy, has served on the Board of Directors of the National Confectioners Association, further evidencing the company's standing and influence within the industry.

### B. U.S. Patent No. 8,524,300 and PopUps! Lollipop®

25.     The invention at the heart of this action was conceived out of a practical insight shared by parents and children everywhere: once a child puts down a partially-consumed lollipop, the exposed candy inevitably becomes dirty, sticky, and unsafe. Inventors Sid Diamond and Dave Lisowski recognized that the classic lollipop could be made safer, more hygienic, and more enjoyable if it were housed in a protective enclosure that kept the candy covered when not in use and automatically retracted the confectionery upon release, requiring no manual action from the child to re-cover it.

26.     Recognizing the innovation of this new confectionary product, the United States Patent and Trademark Office (USPTO) awarded Mr. Diamond and his co-inventor U.S. Patent No. 8,524,300 ("the '300 Patent").

27.     The '300 Patent, titled "Covered Retracted Confectionery," was duly and legally issued by the United States Patent and Trademark Office on September 3, 2013, to inventors Sidney Diamond and David Lisowski. A true and correct copy of the '300 Patent is attached

8

hereto as Exhibit A.

28. Flix Candy is the assignee and owner of all right, title, and interest in the '300 Patent, including the right to enforce and to collect damages for past, present, and future infringement.

29. The '300 Patent relates generally to novelty confectionery devices, and more particularly to storage devices for confectioneries which have not yet been consumed or are not fully consumed by the user.

30. Prior to the invention claimed in the '300 Patent, the prior art included various novelty lollipop products, but all shared a critical common deficiency: the consumer, usually a child, had to remember to manually move an actuator down to re-cover the confectionery after it had been exposed and partially consumed. The '300 Patent identified and solved this problem, providing a device that would automatically retract the exposed confectionery and close once the consumer releases the actuator.

31. The PopUps! Lollipop® is the flagship product of Flix Candy and the commercial embodiment of the '300 Patent. Since its introduction to the market, the PopUps! Lollipop® has achieved extraordinary commercial success, with more than 100 million units sold. The product (some examples of which are shown below) has delighted children and families both in the United States and internationally, fulfilling precisely the consumer need identified by the inventors: allowing children to enjoy a lollipop on the go while giving parents peace of mind through the product's automatic hygienic enclosure.

PopUps! Lollipop®



32.     The PopUps! Lollipop® is today carried in virtually every major national retail channel in the United States, including Walmart, Target, Dollar Tree, Dollar General, Burlington, Five Below, Walgreens, and CVS, among others. Its presence across such a broad and diverse set of retail outlets is itself evidence of the product's sustained commercial appeal and market acceptance.

33.     The PopUps! Lollipop® has received significant and unsolicited industry recognition reflecting the novelty and commercial significance of the patented invention. In or about 2015, the product received a nomination for innovation in the New Product Showcase at the Sweets & Snacks Expo in Chicago, Illinois, one of the premier trade events in the confectionery industry. The product has also received thousands of positive consumer reviews on major retail and e-commerce platforms, including Amazon.com and Walmart.com, reflecting sustained consumer satisfaction and broad-based market endorsement.

34.     The commercial success of the PopUps! Lollipop® is attributable to the novel and non-obvious features of the '300 Patent—namely, the automatic retraction mechanism and integrated enclosure, which solved a long-standing consumer problem that prior art products had

failed to address. The product's success further reflects the significant investment made by Flix Candy in developing, commercializing, and marketing the patented invention, as well as the company's extensive network of licensing relationships with the world's leading entertainment brands, which have enabled the PopUps! Lollipop® to be produced in a wide variety of licensed character configurations.

### C. Tat Lee's Infringing Products

35.     Upon information and belief, Defendant Tat Lee designed and manufactured Spin Pops Lollipops, including the Barbie Spin Pops Lollipop shown below (the "Accused Product").[1]



36.     The Accused Product is a novelty confectionery device consisting of a character-shaped housing containing a lollipop that is exposed for consumption when the user operates a sliding actuator on the exterior of the housing and that automatically retracts into and is re-enclosed by a hinged, closeable cover upon release of the actuator—a design that incorporates each of the limitations of the invention claimed in the '300 Patent.

---

[1] Fun of Europe Website for Barbie Spin Pops Lollipop 8g, available at https://shop.fun-of-europe.de/?a=3255&lang=eng.

37.     Upon information and belief, Tat Lee offered the Accused Product for sale to Galerie, a United States-based confectionery company located in Hebron, Kentucky, for commercial importation, distribution, and sale within the United States.

38.     Upon information and belief, following Tat Lee's offer to sell the Accused Product to Galerie, Galerie presented the Accused Product to Mattel, Inc. ("Mattel")—the owner of the Barbie® brand—seeking to obtain a license from Mattel to market and distribute the Accused Product in the United States under the Barbie® trademark. Mattel is one of Flix Candy's key licensors, and Flix Candy holds an existing license from Mattel to produce and distribute its patented PopUps! Lollipop® products in connection with the Barbie® brand. Galerie's submission of the Accused Product to Mattel for Barbie® licensing consideration was a direct and foreseeable consequence of Tat Lee's manufacture and offer for sale of the Accused Product and of Tat Lee's active encouragement of efforts to commercialize the Accused Product in the United States market.

39.     The Accused Product would directly compete with Flix Candy's PopUps! Lollipop®—the commercial embodiment of the '300 Patent—in the United States novelty confectionery market.

40.     The Accused Product replicates the patented invention's novel features, as found in PopUps! Lollipop®, including the automatic retraction mechanism, the hinged closeable cover, and the character-based novelty format that are the hallmarks of Flix Candy's patented invention. Tat Lee's manufacture and offer for sale of the Accused Product, and its offer for sale and efforts to introduce the Accused Product into the United States market constitute direct infringement of the '300 Patent under 35 U.S.C. § 271(a) and directly threaten Flix Candy's

established market position, its existing licensing relationships, and the commercial value of its

intellectual property.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 8,524,300**

41.     Flix Candy hereby incorporates by reference the allegations set forth in preceding

paragraphs as if fully set forth herein.

42.     On information and belief, in violation of 35 U.S.C. § 271, Tat Lee has directly

infringed, contributed to the infringement of, and/or induced others to infringe the '330 Patent,

either literally or under the doctrine of equivalents, by, among other things, making, using, offering

for sale, selling, and/or importing into the United States the Accused Product, which infringes at

least Claim 1 of the '300 Patent.

43.     The '300 Patent "relates generally to novelty confectionary devices and more

particularly to closed storage devices for confectionaries which have not yet been consumed or

are not fully consumed by the user." '300 Patent, 1:6-9.

44.     Claim 1 of the '300 Patent recites as follows:

1.  A covered retracted confectionery comprising:
    a housing having an interior and an exterior as well as a top and a bottom;
    covers hinged adjacent the top of the housing for movement between closed and
    open positions;
    each of the covers having a lower tab projecting inwardly toward the center of
    the housing;
    a shaft having a top and a bottom;
    the shaft mounted for movement between a retracted position and an extended
    position with respect to the housing;
    a confectionery carried adjacent the top of the shaft;
    a flange adjacent the top of the shaft below the confectionery;
    the flange engaging the plates of the hinged covers to close the covers when the
    shaft is retracted;
    an actuator slideably mounted on the exterior of the housing to move the shafted
    from the retracted position to the extended position; and
    a bias urging the shaft and the confectionery into the retracted position below
    the closed hinged covers; and
    the bias is positioned to be increased when the actuator moves the shaft from the

13

retracted position to the extended position.

35.    Each and every limitation of the '300 Patent's Claim 1 is satisfied by the Accused Product.

36.    The Accused Product is a covered retracted confectionary comprising a housing having an interior and an exterior as well as a top and a bottom.



37.    The Accused Product has covers hinged adjacent the top of the housing for movement between closed and open positions.  Each of the covers has a lower tab projecting inwardly toward the center of the housing.



38.    The Accused Product includes a shaft having a top and a bottom.  The shaft is mounted for movement between a retracted position and an extended position with respect to the housing, and a confectionery is carried adjacent the top of the shaft.



39.     The Accused Product includes a flange adjacent the top of the shaft below the confectionery, and the flange engages the plates of the hinged covers to close the covers when the shaft is retracted.  The Accused Product also includes an actuator slideably mounted on the exterior of the housing to move the shaft from the retracted position to the extended position.



40.     Upon information and belief, the Accused Product includes a bias in the form of an internal spring that urges the shaft and the confectionery into the retracted position below the closed hinged covers, and the bias of the internal spring is positioned to be increased when the actuator moves the shaft from the retracted position to the extended position.

15

41. In view of the foregoing, the Accused Product directly infringes at least Claim 1 of the '300 Patent.

42. Tat Lee is also liable for induced infringement under 35 U.S.C. § 271(b), by knowingly and intentionally encouraging, instructing, and aiding others to use the Accused Product, including through its manufacture, use, offer to sell, and sale of the Accused Product and introduction of the Accused Product into U.S. commercial channels.

35. As a result of Tat Lee's infringement, Flix Candy has suffered and will continue to suffer monetary damages, including lost profits and/or a reasonable royalty, that are compensable under 35 U.S.C. § 284.

36. As a result of Tat Lee's infringement, Flix Candy has been irreparably injured. Tat Lee's introduction of the infringing Accused Product into the U.S. market creates direct competition to Flix Candy's patented flagship product, directly threatening Flix Candy's established market position, its existing licensing relationships, and the commercial value of its intellectual property threatens Flix Candy's longstanding licensing relationships  Unless an injunction issues enjoining Tat Lee, its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '300 Patent, Flix Candy will continue to be irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, Flix Candy respectfully requests the following relief:

A. A judgment that Tat Lee has infringed the '300 Patent;

B. An injunction under 35 U.S.C. § 283 enjoining Tat Lee and its parent, subsidiaries, principals, officers, directors, agents, attorneys, employees, and all others in privity

and concert therewith, from making, using, selling, practicing, or offering to sell the inventions disclosed in the asserted patents in the United States;

C. An award of damages adequate to compensate Flix Candy for infringement in an amount equal to Flix Candy's lost profits but in no event less than a reasonable royalty, together with prejudgment interest, post-judgment interest, and costs pursuant to 35 U.S.C. §§ 284 and 289;

D. A judgment declaring this an exceptional case and awarding Flix Candy its reasonable attorneys' fees under 35 U.S.C. § 285;

E. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. Proc. 38, Flix Candy demands a jury trial on all issues so triable.

Dated:  May 18, 2026                                   CROWELL & MORING LLP

By:  _s/ *Andrew McElligott*_____

Robert Mallin (IL 6205051)
Andrew McElligott (IL 6317538)
Crowell & Moring LLP
300 N. LaSalle, Suite 2500
Chicago, IL 60654
Tel: 312.321.4200
rmallin@crowell.com
amcelligott@crowell.com

*Attorneys for Plaintiff*

17